IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALL FOR KIDZ, INC.<br>20700 44th Ave West<br>Lynnwood, WA 98036<br><br>               Plaintiff,<br>v.<br><br>SMALL BUSINESS ADMINISTRATION,<br>409 3rd Street, SW<br>Washington, DC 20416,<br><br>ISABELLA CASILLAS GUZMAN,<br>Administrator, Small Business Administration,<br>409 3rd Street, SW<br>Washington, DC 20416,<br><br>               Defendants. | Civil Action No. _____ |

**COMPLAINT**

Plaintiff All For Kidz, Inc. ("All For Kidz"), by and through counsel, alleges and states as follows:

**INTRODUCTION**

1. This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking emergency federal financial assistance unlawfully withheld by Defendants Small Business Administration ("SBA") and its Administrator, Isabella Casillas Guzman.

2. The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, as amended, 15 U.S.C. § 9009a, established the Shuttered Venue Operators Grant ("SVOG") Program to provide emergency financial assistance to eligible live entertainment businesses impacted by the global COVID-19 pandemic. The SVOG Program is administered by the SBA and

Administrator Casillas Guzman.

3. Plaintiff All For Kidz demonstrated its eligibility for a SVOG award in its application to the SBA and, following an initial denial, its appeal to the SBA. The SBA denied All For Kidz's application and its appeal. All For Kidz was not given any reason for its denial.

4. As explained further below, All For Kidz is the creator of the "The NED Shows" which are a series of live theatrical performances for elementary school children. The shows are put on by stage actors and provide character building education through theatrical performances that are educational, and specifically tailored to instill positive messaging and character building in elementary school aged children. The live performances contain elements of acting, improv, comedy, music, and other performance art such as magic and yo-yo tricks.

5. All For Kidz meets each of the SVOG eligibility criteria specific to a live performing arts organization operator. The SBA's denial of All For Kidz's SVOG application was arbitrary, capricious, an abuse of discretion and otherwise unlawful.

6. In early spring 2020, the COVID-19 pandemic, as well as associated restrictions regarding live entertainment and the closure of elementary schools across the country, halted All For Kidz's business. As a live performing arts organization operator, the company suffered a 59 percent loss in revenue in 2020 as compared to revenues in 2019.

| 2019 Revenue | 2020 Revenue |
| --- | --- |
| $6,999,310 | $2,897,533 |

7. All For Kidz was forced to cancel hundreds of scheduled events in 2020 and 2021, which has resulted in drastically decreased revenues since March 2020.

8. During the first quarter of 2021, All For Kidz suffered an 88% loss in revenue as

compared to the first quarter of 2019.

| 2019 Q1 Revenue | 2021 Q1 Revenue |
|---|---|
| $1,696,827 | $188,612 |

9. All For Kidz needs a SVOG award for precisely the reason Congress created the SVOG Program: to help eligible live entertainment businesses like All For Kidz recover from the major setbacks they have experienced because of the pandemic.

10. In fact, All For Kidz' business was so devastated by the school closures during the pandemic that in order to keep the theater company from closing down after it was denied SVOG funds, the owner was forced to sell his home and take on millions of dollars in debt. The longer the SBA improperly denies payment of SVOG funds to All For Kidz, the more the company continues to actively suffer.

11. SVOG funds are limited, and once the SBA has depleted the appropriated amount through awards, eligible businesses may not be able to receive the emergency assistance. Thus, even though All For Kidz demonstrated that it is an eligible applicant, it may receive no assistance if SVOG funds are depleted before the SBA corrects the erroneous denial of All For Kidz's application.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it presents federal questions under the APA.

13. Venue lies in this district under 28 U.S.C. § 1391(e)(1).

14. This Court has authority to issue declaratory and injunctive relief under 5 U.S.C. § 706 and 28 U.S.C. §§ 2201 and 2202.

## PARTIES

15. Plaintiff All For Kidz is a Lynnwood, Washington based live performing arts organization operator. All For Kidz organizes, promotes and produces live entertainment shows throughout the United States for elementary school children.

**ALL FOR KIDZ PERFORMING "THE NED SHOWS"**











16.     Defendant Small Business Administration is an independent agency of the federal government.  The SBA's mission is to help Americans start, build and grow businesses.

17.     Defendant Isabella Casillas Guzman is the Administrator of the SBA and oversees its operations.  Administrator Casillas Guzman is sued in her official capacity.

## BACKGROUND

**A.  Shuttered Venue Operators Grant Program**

18.     The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (the "Act"), signed into law December 27, 2020, included $15 billion for grants to operators of shuttered venues. Pub. L. No. 116-260 § 324. The American Rescue Plan, enacted March 11, 2021, amended the Act by providing an additional $1,249,500,000 for SVOG awards.  Pub. L. No.117-2 § 5005(a).

19.     SVOG awards may be used for specified business expenses, including payroll, rent and utility payments, which are incurred between March 1, 2020, and December 31, 2021.  15 U.S.C. § 9009a(d)(1)(A)(i).

20.     An eligible entity may receive a SVOG award in an amount equal to 45 percent of its gross earned revenue in 2019.  15 U.S.C. § 9009a(c).

21.     Eligible businesses with 2021 first quarter revenues of no more than 30 percent of their 2019 first quarter revenues are eligible for supplemental grants in the amount of 50 percent of the original award amount, up to a maximum combined initial and supplemental SVOG award amount of $10 million.  15 U.S.C. § 9009a(b)(3)(A); SBA, *SBA Opens Supplemental Grant Applications for Shuttered Venue Operators Grant Awardees* (Aug. 27, 2021), https://www.sba.gov/article/2021/aug/27/sba-opens-supplemental-grant-applications-shuttered-venue-operators-grant-awardees. Supplemental awards can be used for costs incurred through June 30, 2022.  15 U.S.C. § 9009a(d)(1)(A)(i).

22.     Eligible entities under the Act include live performing arts organization operators and live venue operators, as wellas promoters, theatrical producers, museum operators, motion picture theatre operators, and talent representatives.  15 U.S.C. § 9009a(a)(1)(A).

23.     In addition to falling within an eligible business category, to qualify for a SVOG award a business must meet general eligibility criteria including, *inter alia*, that the business was fully operational on February 29, 2020, suffered at least a 25 percent reduction of gross earned revenue during at least one quarter of 2020 as compared to 2019, and has reopened or intends to reopen. 15 U.S.C. § 9009a(a)(1)(A). The Act lists a number of characteristics that would render an entity ineligible, including, *inter alia*, issuance of securities on a national securities exchange, employing more than 500 employees, and presenting live performances of a prurient sexual nature. *Id.* § 9009a(a)(1)(A)(vi), 9009a(a)(1)(B).

24.     The Act defines live venue operator or promotor, theatrical producer, or live performing arts organization operator identically.  15 U.S.C. § 9009a(a)(3)(A)(i).  The definition

includes an entity that as a principal business activity organizes, promotes, produces manages or hosts live concerts, comedy shows, theatrical production or events by performing artists for which there is a ticket purchase or cover charge, performers are paid in an amount set by sales or for agreement, and not less than 70 percent of revenue is generated through ticket sales or event beverages, food or merchandise. *Id.*

25. The Act specifies that for a live performing arts organization operator (as well as a live venue operator or promotor, or theatrical producer) to be eligible, it must have additional characteristics. It must put on events with defined performance and audience spaces; use mixing equipment, a public address system and a lighting rig; engage one or more individuals to carry out at least two of the following roles—sound engineer, booker, promoter, stage manager, security personnel, or box office manager; sell tickets or impose a cover charge for most performances; fairly pay artists; and market its events including through print or electronic publications, websites, mass email, or social media. 15 U.S.C. § 9009a(a)(1)(A)(iii).

**B. All For Kidz's SVOG Application and the SBA's Denial**

26. On April 26, 2021, All For Kidz applied for a SVOG award of $3,149,689.50. In its application, All For Kidz demonstrated that it satisfied the criteria for eligibility as a live performing arts organization operator. *See* 15 U.S.C. § 9009a(a)(3)(A) (defining the term "live venue operator or promotor, theatrical producer, or live performing arts organization operator"). All For Kidz demonstrated that its losses in 2020 exceeded the 25 percent statutory threshold by submitting its financial statements and tax returns for 2019 and 2020. All For Kidz also submitted, among other things: (i) documents demonstrating the performance space and defined audience space (floor plan), lighting rig (photos of lighting), mixing equipment (photos of sound mixing equipment) and public address system (photos of PA system), reports detailing cover charges for

each performance in 2019 and 2020, and advertising and marketing reports. All For Kidz further provided the certifications of eligibility required by the SBA's guidance on SVOG applications. Additionally, All For Kidz uploaded pictures and videos of their shows, as well as links to publicly available information showing the quality and nature of their shows.

27.     On July 2, 2021, All For Kidz received an email from the SBA stating that more information was needed to confirm eligibility. However, it was unclear what the SBA was requesting. All For Kidz reached out and spoke with SBA representatives multiple times in an effort to figure out what was needed to satisfy the SBA in confirming its eligibility. None of the SBA's representatives were able to clarify what the SBA claimed it needed from All For Kidz.

28.     All For Kidz later learned from the SBA's portal that its application was denied. No specific reason was given for its denial.

29.     On August 17, 2021, All For Kidz submitted an administrative appeal of the denial to the SBA. All For Kidz explained in detail and with supporting documentation how it meets each of the general eligibility requirements for a SVOG award and each of the specific eligibility requirements for live performing arts organization operators. All For Kidz's supporting documentation included: a detailed letter explaining its business model and spelling out how each of the eligibility requirements were met with references to specific supporting documents; its quarterly income statements for 2019 and 2020; advertising materials; contracts with live performing artists; box office records reflecting cover charges collected; employee records and agreements reflecting engagement of a sound engineer, stage manager, box office manager, and bookers and promoters; photographs and floorplans demonstrating its defined performance space, audience space, sound mixing equipment, public address system, and lighting rig; payroll and other records reflecting its periods of operation; web links to marketing materials and websites;

and other documentation.

30. On August 25, 2021, the SBA notified All For Kidz that its appeal was denied. No reason was given for the denial.

31. On September 3, 2021, the SBA notified All For Kidz that it was conducting another review of All For Kidz' application. The SBA did not ask for any additional information or clarification about any part of the application.

32. On November 5, 2021, the SBA again notified All For Kidz that its application was denied. No reason was given. All For Kidz requested information as to why its application was denied. The SBA finally responded on March 25, 2022, four months after the SBA's final decision, by checking two boxes on an eligibility criteria matrix relating to ticket sales and cover charges.

33. The SBA's denial of All For Kidz's appeal on November 5, 2021 is the agency's final decision.

## CLAIMS FOR RELIEF

34. The courts recognize a strong presumption favoring judicial review of administrative action.

35. The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.

36. The APA provides that "final agency action for which there is no other adequate remedy in a court" is "subject to judicial review." 5 U.S.C. § 704.

37. The APA provides that courts will "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence."  5 U.S.C. § 706(2)(A) and (E), respectively.

38. The SBA is an "agency" whose final actions are reviewable under the APA.

## COUNT I - ARBITRARY AND CAPRICIOUS AGENCY ACTION

39. All For Kidz realleges and incorporates by reference each of the preceding paragraphs and allegations.

40. A basic requirement of administrative law is that an agency provide the reasons for its decisions. However, the SBA gave no reason for denying All For Kidz's application and its subsequent appeal.

41. Indeed, the SBA's decision on All For Kidz's application conflicts with the evidence of All For Kidz's eligibility that it presented to SBA in its application and in its appeal.

42. The SBA further erred by treating All For Kidz disparately from similarly situated businesses that were granted SVOG awards. For example, the SBA approved the SVOG application of All For Kidz competitors:

- SLAM in the Schools, LLC
- The Midwest School Shows

43. The SBAs funding of the aforementioned entities has further exacerbated All For Kidz's Covid related damages. The SVOG funding has served as a significant competitive advantage to these companies that put on in-school shows for children in many of the same schools as All For Kidz's.  These companies have been able to market and put on more shows than All For Kidz due to their receipt of SVOG funds.

44. For each of these reasons, the SBA's denial of All For Kidz's SVOG award request is arbitrary and capricious.

## COUNT II - AGENCY ACTION CONTRARY TO LAW

45. All For Kidz realleges and incorporates by reference each of the preceding

paragraphs and allegations.

46. All For Kidz meets the Act's definition of a live performing arts organization operator and satisfies the Act's general eligibility criteria for a SVOG award.

47. The SBA's denial of All For Kidz's SVOG award request therefore violated the Act and is contrary to law.

## COUNT III - AGENCY DECISION UNSUPPORTED BY SUBSTANTIAL EVIDENCE

48. All For Kidz realleges and incorporates by reference each of the preceding paragraphs and allegations.

49. The SBA's denial of All For Kidz's SVOG award request is supported by no evidence in the record, let alone substantial evidence. All For Kidz's application and appeal presented evidence that demonstrates All For Kidz is eligible for a SVOG award.

50. The SBA's denial of All For Kidz's SVOG award request is thus unsupported by substantial evidence.

## PRAYER FOR RELIEF

For the foregoing reasons, All For Kidz respectfully requests that this Court:

51. Declare unlawful and set aside Defendants' denial of All For Kidz's SVOG award request.

52. Preliminarily and permanently order Defendants to consider All For Kidz's application for a SVOG award consistent with applicable law and the evidence before the SBA.

53. Preliminarily and permanently order Defendants to award All For Kidz $3,149,689.50 in SVOG funds.

54. Preliminarily and permanently order Defendants to grant All For Kidz a supplemental SVOG award of $1,574,844.75.

55. Preliminarily and permanently order Defendants to retain appropriations from the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (Pub. L. No. 116-260 § 324) and/or the American Rescue Plan (Pub. L. No. 117-2 § 5005(b)) in an amount sufficient to fund All For Kidz's SVOG initial and supplemental grant awards.

56. Award Plaintiff its costs and reasonable attorney fees; and

57. Grant such other and further relief as the Court deems just and proper.

Dated: October 4, 2022

Respectfully submitted,

/s/  Jeffrey E. McFadden
Jeffrey E. McFadden
D.C. Bar No. 434234
LAW OFFICES OF JEFFEREY E. MCFADDEN
312 Prospect Bay Drive E.
Grasonville, MD 21638-1181
410-490-1163
jmcfadden@jmcfaddenlaw.com

Tyler W. Hudson
D.C. Bar No. 485971
Eric D. Barton
(*pro hac vice* application to be filed)
WAGSTAFF & CARTMELL LLP
4740 Grand Ave., Suite 300
Kansas City, MO 64112
816-701-1100
thudson@wcllp.com
ebarton@wcllp.com

Matthew S. Mokwa
(*pro hac vice* application to be filed)
THE MAHER LAW FIRM, PA
398 W. Morse Blvd., Suite 200
Winter Park, FL 32789
407-839-0866
mmokwa@maherlawfirm.com

**Counsel for Plaintiff**